SETH CHAPMAN AND OTHERS, RESPONDENTS, *v.* RANDALL G. COWENHOVEN, NICHOLAS R. COWENHOVEN AND OTHERS, APPELLANTS

*Partition — what constitutes sufficient possession to sustain action of — vested estate subject to right of possession by a trustee.*

APPEAL from an order made at Special Term, overruling a demurrer to the complaint.

This action was brought for the partition of certain real estate in the city of New York. The complaint alleges that one Garretta Cowenhoven was, at the time of her death, seized of the premises in question, and by her will devised one equal undivided third thereof to each of her children, Teunis, Nicholas and Matilda, for life, and thereafter to their respective heirs and assigns ; that Teunis and Matilda had died, leaving issue, and the share of Matilda's issue had, by certain mesne conveyances, become vested in the plaintiff. There was a question whether, under a proper construction of the will, the trustees were not entitled to the possession of the entire property until the completion of all the trusts. Nicholas Cowenhoven, one of the three children, appears to be still living, and the defendant Randall G. Cowenhoven, the son of Teunis Cowenhoven, who is deceased, demurs to the complaint upon the ground that the plaintiffs cannot maintain the action for partition while other persons, to wit, the trustees under the will, are entitled to the possession of the lots for the purpose of executing the trust.

The court at General Term say, "that the point so presented was not altogether free from doubt. The plaintiffs are, however, seized in fee of the interests which they claim to have derived from the children of Matilda Wilson, and their estate is subject to no existing life estate, although, if the trust is valid, it may be subject to a right of possession in the trustees for the purpose of continuing to execute the trust created by the will. Having such an estate they are, according to the views expressed by DENIO, Ch. J., in *Blakely* v. *Coldex* (15 N. Y., 625) (which, though not adopted as the opinions of the court, were strongly confirmed by the concurrence of three of the other judges of the court) entitled to be regarded as having sufficient legal possession to uphold their action for partition. (See *McGlone* v. *Goodwin,* 3 Daly, 185.) "

*H. C. Place,* for the appellants. *William J. Sayres,* for the respondents.

Opinion by DAVIS, P. J. BRADY and DANIELS, JJ., concurred.

Order affirmed.